SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
cvandenbosch@sheppardmullin.com
GAZAL POUR-MOEZZI, Cal. Bar No. 285932
gpour-moezzi@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendants
MARYELLIS BUNN, and
1AND8 INC., dba MUSEUM OF ICE CREAM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PRETTY IN PLASTIC, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>MARYELLIS BUNN, an individual; and 1AND8 INC., a Delaware corporation dba MUSEUM OF ICE CREAM,<br><br>    Defendants. | Case No. 2:18-cv-06091-GW (SKx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>Date: Nov. 8, 2018<br>Time: 8:30 a.m.<br>Crtrm.: 9D<br><br>The Hon. George H. Wu |

# [PROPOSED] ORDER

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants 1AND8 Inc. dba Museum of Ice Cream ("MOIC") and Maryellis Bunn's (collectively, "Defendants") Motion to Dismiss Complaint (the "Motion") came on for hearing before the Honorable George H. Wu on November 8, 2018. All parties were represented by counsel. The Court, having read and considered the papers in support of and in opposition to the Motion, all admissible evidence and counsel's argument, **ORDERS** as follows:

1. Defendants' motion is granted. Plaintiff Pretty in Plastic, Inc.'s ("Plaintiff") Complaint is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

2. Plaintiff's copyright infringement claim fails because Plaintiff has not and cannot plausibly allege that Defendants copied protectable elements of Plaintiff's work. Accordingly, Plaintiff cannot allege substantial similarity as a matter of law.

3. Plaintiff's unjust enrichment and unfair competition claims fail because they are completely preempted by the Copyright Act, as those claims are based on Defendants' alleged use of Plaintiff's pictorial work, and are thus not qualitatively different from Plaintiff's rights under the Copyright Act.

4. Plaintiff's breach of contract claim fails because Plaintiff has not and cannot plausibly allege a breach by Defendants based on Defendants' alleged use of a unicorn in MOIC's San Francisco exhibit. The parties' Non-Disclosure Agreement ("NDA") expressly excluded from the definition of "Confidential Information" information which "was or becomes generally available to the public." Although Plaintiff's design proposal depicted a white unicorn, the idea of a white unicorn was "generally available to the public" prior to the parties entering into the NDA. Accordingly, Plaintiff cannot allege that Defendants' use of a publicly available concept, i.e., a white unicorn, constitutes breach of the NDA.

1  **IT IS SO ORDERED.**

3  DATED: _____, 20__

_____
The Honorable George H. Wu
United States District Judge