1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   CARLO F. VAN DEN BOSCH, Cal. Bar No. 185207
3  cvandenbosch@sheppardmullin.com
   GAZAL POUR-MOEZZI, Cal. Bar No. 285932
4  gpour-moezzi@sheppardmullin.com
   650 Town Center Drive, 4th Floor
5  Costa Mesa, California 92626-1993
   Telephone:  714.513.5100
6  Facsimile:    714.513.5130

7  Attorneys for Defendants
   MARYELLIS BUNN, and
8  1AND8 INC., dba MUSEUM OF ICE
   CREAM
9

10             UNITED STATES DISTRICT COURT

11      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

12

13  PRETTY IN PLASTIC, INC., a          Case No. 2:18-cv-06091-GW (SKx)
   California corporation,
14                                      **DEFENDANTS' REPLY IN**
                Plaintiff,              **SUPPORT OF MOTION TO**
15                                      **DISMISS FIRST AMENDED**
          v.                           **COMPLAINT**
16
   MARYELLIS BUNN, an individual;       Date:    January 24, 2019
17  and1AND8 INC., a Delaware           Time:    8:30 a.m.
   corporation dba MUSEUM OF ICE        Crtrm.:  9D
18  CREAM,
                                        The Hon. George H. Wu
19              Defendants.

20

21

22

23

24

25

26

27

28

## I.  INTRODUCTION

Plaintiff continues to stress elements of its work that the Court already has deemed unprotectable under copyright laws.  Even in combination, these unprotectable elements lack the quantum of originality needed to merit copyright protection.  Plaintiff's opportunity to amend its copyright infringement claim has proven futile, and the Court should dismiss this claim without further leave to amend.

Similarly, Plaintiff has failed to salvage its unjust enrichment-breach of confidence claim because it cannot plausibly allege that the general if not ubiquitous idea it submitted (a white unicorn with a gold horn) was novel.  Indeed, Plaintiff has failed to address the fact that this idea was ubiquitous in popular culture at the time it submitted its proposal.

While Plaintiff argues that its unfair competition claim is premised on a breach of confidence, the allegations of the First Amended Complaint ("FAC") belie this argument.  In fact, the unfair competition claim is grounded solely in Defendant's alleged unauthorized use of Plaintiff's work.  As this Court concluded with the previous motion to dismiss, the Copyright Act preempts this type of claim.

Finally, Plaintiff asserts that, because Defendants originally argued that Ms. Bunn signed the NDA as an agent of MOIC, they may not now assert that MOIC is not a party to the NDA.  Defendants are entitled to take a contradictory position on this issue in response to Plaintiff's initial argument that it was Ms. Bunn, and not MOIC, who signed the agreement in a personal capacity.  The contract bears one signature, so either Ms. Bunn or MOIC must have been the contracting party—not both.  Tellingly, Plaintiff fails to address the cases cited in Defendants' moving papers which hold that a non-signatory to a contract may not be sued for breach of that contract.  Because MOIC was not a party to the NDA, it did not agree to the purported confidentiality obligations contained in the agreement.  Accordingly,

SMRH:489022106.2

1  MOIC must be dismissed from Plaintiff's claims for breach of contract, unjust

2  enrichment-breach of confidence, and unfair competition.

3  **II.     PLAINTIFF'S COMBINATION OF UNORIGINAL ELEMENTS DOES NOT WARRANT COPYRIGHT PROTECTION**

4
5         Plaintiff complains that Defendants have narrowed the scope of alleged

6  misappropriation to encompass only "a monochromatic white unicorn with a gold

7  horn."  (Opposition at 6:15-17.)  According to Plaintiff, it has actually pleaded a

8  broader set of allegedly misappropriated elements, namely: "a full-bodied,

9  monochromatic, semi-gloss white unicorn, with no forelock, an otherwise relatively

10 realistic horse body, approximately eight visible spirals on a long, shiny gold horn,

11 standing angled right-facing in a room."  (Opposition at 5:5-8.)  This, however,

12 overstates the allegations.  The FAC recites only a "full-bodied, monochromatic,

13 semi-gloss white unicorn with approximately eight visible spirals on a long, shiny

14 gold horn."  [FAC, ¶ 42.]  The FAC makes no mention of the positioning of the

15 unicorns, the lack of forelocks, or the realistic horse body, and, contrary to Plaintiff's

16 suggestion, Defendants have in fact addressed each of the *pleaded* elements.  (*See*

17 Mot. at 7:4-11; 10:8-15.)  In any event, the Court already has considered the

18 additional elements Plaintiff raises (i.e., the lack of forelocks, the realistic horse

19 body, and the standing angle of the unicorn) when it dismissed Plaintiff's original

20 copyright infringement claim.  (Order at 6-7.)  These elements naturally flow from a

21 horse's physiology and thus are not protectable.

22        Plaintiff also stresses that, because it has alleged that the "combination" of

23 elements in its work is original, this incantation is sufficient to preclude dismissal.

24 Even on a motion to dismiss, courts may disregard "legal conclusions . . . cast in the

25 form of factual allegations," and allegations contradicted by judicially-noticeable

26 facts.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Epikhin*

27 *v. Game Insight N. Am.*, 2015 U.S. Dist. LEXIS 66188, at *10-11 (N.D. Cal. May

28 20, 2015).  While Plaintiff alleges that a full-bodied, white monochromatic unicorn

1  with a long gold horn "ha[s] never been publicly disclosed before Defendants copied

2  this combination of elements," [FAC, ¶ 42], this allegation is clearly implausible.

3  Indeed, the Merriam-Webster Dictionary *defines* a unicorn as possessing precisely

4  these elements.  [*See* Doc. No. 26 ("RJN"), Ex. A at 3 ("[a] mythical, <u>usually white</u>

5  animally generally depicted with the <u>body and head of a horse</u> with long flowing

6  mane and tail and a <u>single often spiraled horn in the middle of the forehead</u>.")

7  (emphases added).]  The dictionary entry even includes an image of a white unicorn

8  with a gold horn.  [*Id*. at 4-5.]  The Encyclopedia Britannica, citing *ancient Greek*

9  *literature*, similarly describes a unicorn.  [*Id*., Ex. B.]  Thus, the Court may

10  disregard Plaintiff's absurd allegation that this combination of elements has never

11  been publicly disclosed before.[1]

12        As addressed in the moving papers, Plaintiff's alleged "combination" of

13  unprotectable elements is trivial and does not add the minimal degree of creativity

14  necessary to constitute originality.  (*See* Motion at 9-10.)  And, even if the Court

15  concludes that some of the pleaded elements are sufficiently original, MOIC's

16  unicorn remains strikingly different from Plaintiff's design, thereby precluding a

17  finding of substantial similarity as a matter of law.  (*See* Motion at 10-11.)

18  **III.   THE COURT MAY RETAIN JURISDICTION OVER THE STATE**
       **LAW CLAIMS**

19

20        The Court has discretion to retain jurisdiction over Plaintiff's state law claims,

21  notwithstanding the inevitable dismissal of Plaintiff's copyright infringement claim.

22  *See, e.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a court

23  grants a motion to dismiss for failure to state a federal claim, the court generally

24  retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. §

25

26  [1]      Even if the Court accepts the truth of this allegation, it is irrelevant for
        purposes of assessing the substantial similarity between Plaintiff's and

27      MOIC's works.  At this stage, the Court is required only to assess the
        objective similarities of the two works, first filtering out the nonprotectable

28      elements.  *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018).

-4-

1    1367, over pendent state-law claims.").  District courts have discretion to "deal with

2    cases involving pendent claims in the manner that best serves the principles of

3    economy, convenience, fairness, and comity."  *Carnegie-Mellon University v.*

4    *Cohill*, 484 U.S. 343, 357 (1988).  These interests are best served by the Court's

5    exercise of supplemental jurisdiction over the state law claims.  After all, Plaintiff

6    filed its case in this Court, the Court is familiar with the issues and facts, and the

7    state law claims are akin to copyright infringement, an area in which the Court is

8    particularly experienced.

9    **IV.   PLAINTIFF'S BREACH OF CONFIDENCE CLAIM FAILS FOR LACK OF NOVELTY**

10

11    Plaintiff contends that it has properly alleged that the idea it submitted to

12    Defendants, *i.e.*, a white unicorn with a gold horn, is novel, and that alleged novelty

13    is a necessary element for its unjust enrichment-breach of confidence claim.

14    However, Plaintiff fails to address the fact that the idea of a white unicorn was

15    already ubiquitous in popular culture at the time MOIC opened its San Francisco

16    location.  (*See, e.g.*, RJN, Ex. A at 2; *id.*, Ex. B at 1).

17    Instead, Plaintiff contends that it has properly alleged novelty because

18    Defendants were "silen[t] on the Rainbow Sherbet Room design proposal" and this

19    silence somehow "evidence[s] that Defendants understood the design proposal

20    contained novel ideas when they received it."  (Opposition at 8:28-9:2.)  This purely

21    speculative allegation does not sufficiently allege novelty as Defendants' mere

22    silence does not at all evidence that Plaintiff's proposal was novel.  The Court

23    should thus disregard this implausible allegation and dismiss Plaintiff's unjust

24    enrichment-breach of confidence claim.  *See Bell Atl. Corp. v. Twombly*, 550 U.S.

25    544, 555, 570 (2007) (stating that if plaintiffs "have not nudged their claims across

26    the line from conceivable to plausible, their complaint must be dismissed").

27

28

1  **V.      PLAINTIFF'S UNFAIR COMPETITION CLAIM IS BASED ON
2              DEFENDANTS' ALLEGED USE OF PLAINTIFF'S DESIGN AND IS
              PREEMPTED BY THE COPYRIGHT ACT**

3          Plaintiff argues that its unfair competition claim, like its unjust enrichment

4  claim, is premised on a breach of confidence.  While the FAC expressly includes

5  allegations of breach of confidence under the unjust enrichment claim, the FAC

6  does not include any such allegations for the unfair competition claim.  [*Compare*

7  FAC, ¶¶ 53-64 (unjust enrichment claim) with FAC, ¶¶ 65-68 (unfair competition

8  claim).]  Rather, Plaintiff premises its unfair competition claim *solely* on

9  "Defendants' unauthorized use of [Plaintiff's] copyrighted work."  [FAC, ¶ 67.]  As

10  such, this claim is preempted by the Copyright Act.  (*See* Motion at 15-17.)

11          Should the Court find that Plaintiff's unfair competition claim also is based on

12  a breach of confidence, then, this claim fails for the same reasons as the unjust

13  enrichment claim, *i.e.*, Plaintiff cannot plausibly allege the novelty of its shared

14  idea.

15  **VI.     MOIC SHOULD BE DISMISSED FROM ALL STATE LAW CLAIMS**

16          Defendants are entitled to argue that MOIC is not a party to the NDA, despite

17  their prior argument that Ms. Bunn signed the NDA only as MOIC's agent.  *See,*

18  *e.g.*, *Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London*, 139 F.3d

19  1234, 1239 (9th Cir. 1998) (judicial estoppel is expressly restricted to cases where

20  "the court has relied on the party's previously inconsistent statement"); *Masayesva*

21  *v. Hale*, 118 F.3d 1371, 1382 (9th Cir. 1997) (court must adopt position for judicial

22  estoppel to apply).

23          On its face, MOIC is not a party to the NDA.  In its ruling on the prior motion

24  to dismiss, the Court agreed, finding that Ms. Bunn signed only as the "recipient" of

25  the agreement, and that "there is no mention of 1AND8 in the NDA."  (Order at 12.)

26  This conclusion dictates that MOIC should be dismissed from all claims stemming

27  from the NDA's obligations, as Plaintiff cannot plausibly allege that MOIC, an

28  apparent non-signatory, agreed to be bound by the confidentiality provisions in the

1 NDA.  Indeed, the agreement bore only one signature for one of the Defendants, not

2 two.  And, Plaintiff has failed to address Defendants' caselaw holding that only a

3 signatory to a contract may be liable for breach of that contract.  (Motion at 17-18.)

4 **VII.   CONCLUSION**

5       Defendants respectfully request that Plaintiff's claims for copyright

6 infringement, unjust enrichment, and unfair competition be dismissed against both

7 Defendants, and that Plaintiff's breach of contract claim be dismissed against

8 MOIC.  Should the Court deny outright dismissal of the unjust enrichment and

9 unfair competition claims, these claims should still be dismissed against MOIC.

10 Because amendment would be futile, Defendants request that the Court deny leave

11 to amend.

12 Dated:  January 10, 2019

13                          SHEPPARD, MULLIN, RICHTER & HAMPTON

14                          LLP

15

16                    By            /s/ *Carlo F. Van den Bosch*

17                          CARLO F. VAN DEN BOSCH

18                          Attorneys for Defendants

19                          MARYELLIS BUNN, and

20                        1AND8 INC., dba MUSEUM OF ICE
                                      CREAM

21

22

23

24

25

26

27

28